**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No.:** _____

AIRBOAT ADVENTURES EVERGLADES LLC,

a Florida limited liability company,

    *Plaintiff,*

**v.**

EVERGLADES AIRBOAT ADVENTURES, LLC
A Florida limited liability company,

    *Defendant.*

_____/

**<u>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF</u>**

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Plaintiff **AIRBOAT ADVENTURES EVERGLADES LLC,** ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant **EVERGLADES AIRBOAT ADVENTURES, LLC** ("Defendant"), and alleges as follows:

**NATURE OF THE ACTION**

1.    This is an action for unfair competition, false designation of origin, cyberpiracy, tortious interference, and unjust enrichment arising from Defendant's deliberate and unauthorized manipulation of Plaintiff's Google Business Profile. Defendant, a competitor in the same market, impersonated Plaintiff's authorized representative to gain control of Plaintiff's Google Business Profile, merged Defendant's profile with Plaintiff's, and caused Plaintiff's verified customer

1

reviews to be combined with or obscured by Defendant's business information — all for the purpose of diverting Plaintiff's customers and online reputation to Defendant's benefit.

2. Plaintiff seeks monetary damages, disgorgement of profits, injunctive relief, and attorney's fees and costs under the Lanham Act, 15 U.S.C. §§ 1051 et seq., the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, and applicable Florida law.

## PARTIES

3. Plaintiff, **AIRBOAT ADVENTURES EVERGLADES LLC**, is a Florida limited liability company with its principal place of business in Miami, Florida. At all material times, Plaintiff has lawfully operated under the trade name **AIRBOAT ADVENTURES EVERGLADES** and has maintained an established Google Business Profile associated with its business.

4. Defendant **EVERGLADES AIRBOAT ADVENTURES, LLC** is a Florida limited liability company registered to do business in Florida, with its principal place of business in Miami, Florda. Defendant, using the name "Everglades Airboat Adventures" is engaged in the same or substantially similar business as Plaintiff – namely, providing airboat tours of the Everglades – and competes directly with Plaintiff for customers in the South Florida area.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (trademark and unfair competition) because this action arises under the Lanham Act, 15 U.S.C. §§ 1051 et seq., and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

6.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the federal claims that they form part of the same case or controversy.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, and Defendant has conducted and continues to conduct business in this district.

8.      This Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself of the privileges of conducting business in Florida, has caused tortious injury to Plaintiff in this District, and has engaged in the conduct complained of herein, which was directed at and caused harm in this District.

## FACTUAL ALLEGATIONS

**A.      Plaintiff's Google Business Profile and Established Online Presence**

9.      In or about August, 2022, Plaintiff established its Google Business Profile ("GBP") associated with its trade name, business address, phone number, website, and other identifying information. Over almost four years of continuous operation, Plaintiff's GBP has accumulated 270 verified customer reviews, with all but five rating Plaintiff's business with five stars.  The GBP served as a key driver of new customer acquisition.

10.      Plaintiff's GBP, including its accumulated reviews and business reputation as reflected therein, constitutes valuable intellectual property and a protectable commercial identity under the Lanham Act. Customers rely on Plaintiff's GBP to identify, locate, and evaluate Plaintiff's business.

11.    At all material times, Plaintiff was the sole authorized administrator of its GBP. Plaintiff never authorized Defendant or any agent of Defendant to access, modify, manage, or claim Plaintiff's GBP.

**B.    Defendant's Unauthorized Takeover of Plaintiff's Google Business Profile**

12.    On or about May 24, 2026, Plaintiff learned that, without Plaintiff's knowledge or consent, Defendant, directly or indirectly, submitted a false claim of ownership to Google, LLC, representing to Google that Defendant was the authorized owner or representative of Plaintiff's business. Defendant's claim was fraudulent in that Defendant had no authority, association, or affiliation with Plaintiff.

13.    Google's Business Profile verification process permits business owners to challenge and claim profiles by asserting ownership credentials. Defendant exploited this process by submitting false business credentials and impersonating Plaintiff's business identity.

14.    As a direct result of Defendant's false representations, Google granted Defendant administrative access to Plaintiff's GBP. Defendant thereafter used this unauthorized access to: (a) alter Plaintiff's business information; (b) cause Plaintiff's GBP to be merged with or into Defendant's own Google Business Profile; and (c) cause Plaintiff's verified customer reviews to be combined with, attributed to, or displaced by Defendant's business listing.

15.    As a result of Defendant's actions, Plaintiff's customer reviews, photographs, content, and AdWords campaign were all being associated with Defendant's, rather than Plaintiff's GBP.

16.    When Plaintiff or a prospective customer clicked on Plaintiff's GBP, Defendant's business would display as follows:



17.     When Plaintiff would click on its GBP, the terms in the search bar would change to Defendant's company, and Plaintiff would receive a message disallowing management of Plaintiff's GBP, as shown here:



18.     Even sponsored advertisements that Plaintiff had paid for were being re-directed to Defendant such that Plaintiff was effectively paying to promote his competitor's business, as shown here:



19.    As a result of Defendant's actions, Plaintiff's GBP was effectively commandeered. Prospective customers searching for Plaintiff's business were directed to a profile that displayed Defendant's business name, contact information, or other identifying details, or were otherwise confused as to the source, affiliation, sponsorship, or approval of the business they sought.

## C. Merger of Profiles and Reviews

20. Defendant, having obtained unauthorized administrative access to Plaintiff's GBP, caused Plaintiff's profile to be merged with Defendant's Google Business Profile. This merger caused Plaintiff's accumulated reviews—legitimately earned testimonials from Plaintiff's actual customers—to be associated with, displayed under, or attributed to Defendant's business.

21. The review merger resulted in Defendant's business profile falsely displaying the reputation earned through Plaintiff's customer relationships. Prospective customers viewing the merged or modified profile were deceived into believing Defendant's business had earned reviews that were, in fact, attributable to Plaintiff.

22. The merger caused Plaintiff's authentic reviews to be removed from, suppressed within, or no longer accurately displayed under Plaintiff's own profile, depriving Plaintiff of the full benefit of its accumulated online reputation.

23. The merger caused Plaintiff's business listing, photographs, editorial content, and AdWords campaign all to be associated with Defendant's business.

24. As a result of Defendant's wrongful actions, Plaintiff was unable to access and manage its own profile, and directed to messages such as the following:



**D.     Plaintiff's Damages**

25.     Plaintiff discovered Defendant's misconduct on or about May 24, 2026, when Plaintiff received customer inquiries reflecting confusion as to the identity of the business appearing on Google, when Plaintiff was shocked to see that an attempt to send a pin location to a customer linked to Defendant's, not Plaintiff's, business, and when Plaintiff's own authorized personnel discovered they no longer had administrative access to Plaintiff's GBP.

26.     Despite Plaintiff's efforts to report the unauthorized takeover to Google and to restore its GBP, Plaintiff has suffered: (a) diversion of customers to Defendant; (b) loss of business revenue; (c) loss of the competitive advantage conferred by Plaintiff's verified customer reviews; (d) harm to Plaintiff's business reputation and goodwill; and (e) costs incurred in attempting to remediate the harm.

27.     Defendant has been unjustly enriched by the diversion of business, customers, and reputational goodwill that belong to Plaintiff.

9

## CAUSES OF ACTION

### COUNT I

### FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
**(Lanham Act, 15 U.S.C. § 1125(a))**

28. Plaintiff realleges and incorporates paragraphs 1 through 27 as if fully set forth herein.

29. Plaintiff has established protectable trade identity, trade name, and commercial goodwill in connection with its business, including its Google Business Profile, business name, and associated reviews.

30. Defendant's conduct—impersonating Plaintiff's authorized representative, claiming ownership of Plaintiff's GBP, merging Defendant's profile with Plaintiff's, and causing Plaintiff's reviews to be attributed to Defendant—constitutes a false designation of origin, false or misleading description of fact, and false or misleading representation of fact, in or affecting interstate commerce.

31. Defendant's conduct is likely to cause confusion, mistake, or deception as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant's business with or by Plaintiff, in violation of 15 U.S.C. § 1125(a)(1)(A).

32. Defendant's conduct constitutes unfair competition under the Lanham Act.

33. As a direct and proximate result of Defendant's violations, Plaintiff has suffered and continues to suffer damages, including lost revenue, lost customers, and harm to business reputation and goodwill.

34.     Defendant's conduct was willful, intentional, and in bad faith, entitling Plaintiff to enhanced damages, disgorgement of Defendant's profits, and attorney's fees under 15 U.S.C. § 1117.

## COUNT II
### CYBERPIRACY — FALSE DESIGNATION OF ORIGIN (ONLINE)
### (Lanham Act, 15 U.S.C. § 1125(d) and § 1125(a))

35.     Plaintiff realleges and incorporates paragraphs 1 through 27 as if fully set forth herein.

36.     Plaintiff's Google Business Profile constitutes an established online commercial identity used in commerce to identify and distinguish Plaintiff's goods and services from those of competitors.

37.     Defendant, with bad faith intent to profit from Plaintiff's commercial identity, registered, trafficked in, and/or used an online presence—Plaintiff's own Google Business Profile—that is identical to or confusingly similar to Plaintiff's protected mark and trade identity, in violation of 15 U.S.C. § 1125.

38.     Defendant's bad faith is demonstrated by, inter alia: (a) the submission of materially false credentials to Google to seize control of Plaintiff's profile; (b) Defendant's status as a direct competitor; (c) the diversion of Plaintiff's customers to Defendant's business; and (d) Defendant's appropriation of Plaintiff's customer reviews.

39.     Plaintiff has suffered and continues to suffer damages as a direct and proximate result of Defendant's conduct.

## COUNT III
## VIOLATIONS OF THE COMPUTER FRAUD AND ABUSE ACT
### (18 U.S.C. § 1030)

40.    Plaintiff realleges and incorporates paragraphs 1 through 27 as if fully set forth herein.

41.    Plaintiff's Google Business Profile is a protected computer system within the meaning of 18 U.S.C. § 1030(e)(2), as it is a facility used in interstate commerce and communication.

42.    Defendant intentionally accessed Plaintiff's Google Business Profile without authorization or in excess of authorized access, by fraudulently misrepresenting Defendant's identity and authority to Google to obtain administrative credentials to Plaintiff's account.

43.    By virtue of this unauthorized access, Defendant obtained information, caused damage, and caused loss to Plaintiff exceeding $5,000 in a one-year period, including without limitation the loss of Plaintiff's access to its own GBP, diversion of business, and costs incurred in remediation, satisfying the jurisdictional threshold of 18 U.S.C. § 1030(c)(4)(A)(i)(I).

44.    Defendant's conduct violated 18 U.S.C. §§ 1030(a)(2), (a)(4), and (a)(5), and Plaintiff is entitled to compensatory damages and injunctive relief pursuant to 18 U.S.C. § 1030(g).


## COUNT IV
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS
### (Florida Common Law)

45.    Plaintiff realleges and incorporates paragraphs 1 through 27 as if fully set forth herein.

46.     Plaintiff maintained and continues to maintain advantageous business relationships with existing and prospective customers, including customers who relied on Plaintiff's Google Business Profile and verified reviews to locate and engage Plaintiff's services.

47.     Defendant had actual or constructive knowledge of these business relationships.

48.     Defendant intentionally and unjustifiably interfered with Plaintiff's business relationships by hijacking Plaintiff's GBP, merging profiles, and diverting Plaintiff's customer traffic and reputational goodwill to Defendant.

49.     As a direct and proximate result of Defendant's intentional interference, Plaintiff has suffered actual damages, including lost business, lost revenue, and harm to ongoing and prospective customer relationships.

## COUNT V
## UNJUST ENRICHMENT
### (Florida Common Law)

50.     Plaintiff realleges and incorporates paragraphs 1 through 27 as if fully set forth herein.

51.     Defendant has been conferred a benefit—namely, the goodwill, reviews, customer traffic, and commercial reputation belonging to Plaintiff—at Plaintiff's expense.

52.     Defendant's retention of these benefits without compensation to Plaintiff is inequitable and unjust under the circumstances.

53.     Plaintiff is entitled to disgorgement of Defendant's profits and restitution of the value of the benefits unjustly retained by Defendant.

## COUNT VI

## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

### (Fla. Stat. §§ 501.201–501.213)

54.     Plaintiff realleges and incorporates paragraphs 1 through 27 as if fully set forth herein.

55.     Plaintiff is a "person" as defined by FDUTPA, Fla. Stat. § 501.203(6). Plaintiff engaged in "trade or commerce" within the meaning of FDUTPA, Fla. Stat. § 501.203(8).

56.     Defendant's conduct described herein—including the impersonation of Plaintiff, the fraudulent seizure of Plaintiff's GBP, and the misappropriation of Plaintiff's reviews—constitutes unfair methods of competition and deceptive acts or practices in the conduct of trade or commerce, in violation of Fla. Stat. § 501.204.

57.     Defendant's conduct was likely to and did deceive consumers seeking to locate and engage Plaintiff's services.

58.     As a direct and proximate result of Defendant's FDUTPA violations, Plaintiff has suffered actual damages and is entitled to recovery thereof, together with attorney's fees and costs pursuant to Fla. Stat. § 501.2105.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant and award the following relief:

59.     A permanent injunction, pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65, enjoining Defendant and its officers, agents, servants, employees, and all persons acting in concert with Defendant from: (a) claiming ownership of, accessing, or otherwise interfering with Plaintiff's Google Business Profile; (b) using Plaintiff's trade name, business identity, or customer reviews

in connection with Defendant's own business; and (c) engaging in any further unfair competition or false designation of origin;

60. An order directing Google, LLC to restore Plaintiff's Google Business Profile to its pre-hijacking state, including the restoration of Plaintiff's exclusive administrative access and Plaintiff's verified reviews;

61. Compensatory damages for all lost business revenue, lost profits, and other actual damages sustained by Plaintiff as a result of Defendant's conduct;

62. Disgorgement of all profits, gains, and advantages obtained by Defendant through its unlawful conduct;

63. Enhanced damages, up to three times actual damages, pursuant to 15 U.S.C. § 1117, based on Defendant's willful and intentional misconduct;

64. Compensatory and consequential damages under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g);

65. Restitution and disgorgement of Defendant's unjust enrichment;

66. Actual damages and attorney's fees pursuant to Fla. Stat. § 501.2105;

67. An award of reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1117 and other applicable law;

68. Pre- and post-judgment interest at the maximum rate permitted by law; and

69. Such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

July 27, 2026

/s/ Jed R. Friedman
Jed R. Friedman
Florida Bar No. 337500
JED R. FRIEDMAN, P.A.
25 SE 2nd Avenue, Suite 716
Miami, FL 33131
305/375-0808
friedmanlawfirm@gmail.com